UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 8:22-cr-188-VMC-AAS

JOSEPH WALKER

_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Amanda A. Sansone's Report and Recommendation (Doc. # 52), filed on October 17, 2022, recommending that Defendant Joseph Walker's Motion to Suppress (Doc. # 30) be denied. Walker filed an Objection (Doc. # 60) on November 9, 2022.

Upon review, the Court accepts and adopts the Report and Recommendation, overrules the Objection, and denies Walker's Motion.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v.</u>

1

Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

When considering a report and recommendation, a district judge may "hear additional testimony or the same testimony all over again if [she] decide[s] that would be beneficial in determining the motion." United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980). But a district judge "is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." United States v. Cofield, 272 F.3d 1303, 1305 (11th Cir. 2001). Generally,

2

however, a district judge "must rehear the disputed testimony before rejecting a magistrate judge's credibility determinations." Id. at 1306.

In his Objection, Walker does not challenge Judge Sansone's finding that the officers had reasonable suspicion to search his home. Instead, he challenges her credibility determination for the two police officers who testified at the evidentiary hearing on the Motion to Suppress. (Doc. # 60 at 2-3). At the hearing, there was a factual dispute as to whether a safe in Walker's bedroom that contained firearms and ammunition was open when officers arrived. (Doc. # 52 at 7). The officers testified that the safe was open when they entered the room, and Abigail Walker, Walker's wife, testified that the safe was locked. (Id.). While the Court understands Walker's arguments and concerns, the Court defers to Judge Sansone's credibility determination.

Importantly, Judge Sansone was able to observe that the officers' testimony was "consistent and unwavering" despite each officer being sequestered during the other's testimony. (Id.). She also observed that Ms. Walker was "defensive and her testimony was inconsistent." (Id. at 8); see United States v. Ramirez-Chilel, 289 F.3d 744, 750 (11th Cir. 2002) (deferring to the magistrate judge's credibility

determination where the magistrate took "into account the interests of the witnesses, the consistencies or inconsistencies in their testimonies, and their demeanor on the stand").

Walker also challenges Judge Sansone's determination that the officers could have lawfully searched the safe even if it had been locked. The Court agrees with Judge Sansone's reasoning. Officers lawfully searching an area for items including firearms and drugs are authorized "to break open locked containers which may contain the objects of the search." United States v. Martinez, 949 F.2d 1117, 1120 (11th Cir. 1992); see also United States v. Harris, 635 F. App'x 760, 767 (11th Cir. 2015) ("[A]s there was reasonable suspicion to search Harris's pool house for controlled substances, and the safe was inside the pool house and drugs could easily fit in the safe, the agents had the authority to break open the safe to access its contents."). The Court agrees with Judge Sansone that the officers had reasonable suspicion of the existence of firearms and drugs inside the safe, and, therefore, the search would have been lawful even if the officers had unlocked the safe.

Thus, upon due consideration of the record, including Judge Sansone's Report and Recommendation as well as Walker's

4

Objection thereto, the Court overrules the Objection, adopts the Report and Recommendation, and denies the Motion to Suppress. The Court agrees with Judge Sansone's detailed and well-reasoned findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 52) is **ACCEPTED** and **ADOPTED.**

(2) Defendant Joseph Walker's Motion to Suppress (Doc. # 30) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 17th day of November, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE