UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

FEB 27 2024 PM 1:00
FILED - USDC - FLMD - TPA

v.

CASE NO.  8:22-cr-188-VMC-AAS
18 U.S.C. § 922(g)(1)
(Possession of a Firearm or
Ammunition by a Convicted Felon)

JOSEPH WALKER

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Possession of a Firearm or Ammunition by a Convicted Felon)

On or about June 26, 2021, and July 15, 2021, in the Middle District of

Florida, the defendant,

JOSEPH WALKER,

knowing that he had previously been convicted in any court of a crime punishable by

imprisonment for a term exceeding one year, including the following offenses

committed on occasions different from one another:

1. Sale of Controlled Substance (Oxycodone), on or about April 7,
   2011, for an offense occurring on January 21, 2011;

2. Sale of Controlled Substance (Cocaine), on or about April 7, 2011,
   for an offense occurring on January 26, 2011;

3. Possession of Cocaine, on or about March 6, 2012;

4. Fleeing to Elude, on or about July 14, 2015;

5.  Aggravated Assault on or about December 11, 2017, for an offense occurring on or about June 17, 2017; and

6.  Possession of Cocaine on or about December 11, 2017,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Glock 22 firearm, a Smith & Wesson M&P firearm, 2 silver magazines, 2 black magazines, 96 rounds of 9mm ammunition, and 65 rounds of .40mm ammunition.

It is further alleged that the defendant has at least three previous convictions for a violent felony or a serious drug offense, committed on occasions different from one another, pursuant to 18 U.S.C. § 924(e)(l).

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## FORFEITURE

1.      The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.      The property to be forfeited includes, but is not limited to, the following: a Glock 22 firearm, a Smith & Wesson M&P firearm, 2 silver magazines, 2 black magazines, and assorted ammunition.

4.      If any of the property described above, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty,

3

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____

Samantha E. Beckman
Assistant United States Attorney

By: _____

James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

FORM OBD-34
February 24

No. 8:22-cr-00188-VMC-AAS

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

### THE UNITED STATES OF AMERICA

vs.

### JOSEPH WALKER

### SUPERSEDING INDICTMENT

Violations: 18 U.S.C. § 922(g)(1)

A true bill,

███████████████████████████

Foreperson

Filed in open court this 27th day

of February, 2024.

*Sarah Toombs*

Clerk

Bail $_____